IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTUAN WYNN,

        Defendant/Petitioner,    Case No. 3:05 CR 781

  -vs-

                                         MEMORANDUM OPINION

UNITED STATES OF AMERICA,

        Plaintiff/Respondent.

KATZ, J.

       Petitioner, Antuan Wynn, acting *pro se*, has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. He raises claims of ineffective assistance of counsel on both the trial appellate levels.

       Petitioner was one of twenty-one defendants charged in a 50 count indictment for narcotics conspiracy. On April 20, 2006 he pled guilty to counts 1, 5, 6 and 13 of that indictment. That plea was entered pursuant to a plea agreement, which contained certain stipulations of fact and a waiver of appellate rights except, as pertinent here, for ineffective assistance of counsel. This judge went through the plea agreement with Mr. Wynn and pointed out that he was substantially waiving all rights of appeal, before the Court would accept a plea of guilty. At sentencing on September 11, 2006, the Court determined that the Sentencing Guidelines, now advisory, provided for a 121 - 151 months guideline range. The plea agreement approved by the Court in April of 2006 contemplated a sentence of 120 months and the Court did impose that sentence on all counts as to which Wynn had pled guilty, to be served concurrently.

       Wynn filed a timely notice of appeal and the Government filed a motion to dismiss for lack of jurisdiction, citing his waiver of appellate rights. That motion was granted on December 11,

2007. (6th Cir. Case No. 06-4296). The Government in its response in opposition to the pending motion has stated in well reasoned fashion the law surrounding the right of a defendant in a criminal case to obtain relief under § 2255 on the basis of a non-constitutional error. (See Gov. Resp. Pp. 3-5).

Clearly, Wynn knowingly and voluntarily waived his right to challenge his sentence in both a direct appeal and collateral attack, including the instant proceeding pursuant to § 2255. However, his plea agreement does permit him to appeal his sentence with respect to ineffective assistance of counsel claims. Having sat through all elements involved in this case at the district court level, the Court can find nothing which would qualify in the slightest as ineffective assistance of counsel. The obligations upon a petitioner pursuant to *Strickland v. Washington,* 466 U.S. 668 (1984) require a petitioner to prove that his counsel's performance was deficient and so serious as not to be functioning as an attorney guaranteed by the Sixth Amendment to the United States Constitution. This Circuit has also indicated that the petitioner " must show a fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson* 918 F.2nd 627, 630 (6th Cir. 1990). Additionally, a petitioner must show that counsel's deficient performance prejudiced the petitioner. Thus, there must be both cause and prejudice. Nothing in this case history, either at the district or appellate court levels, approaches satisfying that burden of proof. The Government's response is replete with reasons which will not be regurgitated here.

In any event, as noted by the Government, the Court sentenced the Defendant/Petitioner to 120 months pursuant to the agreement between him and the Government; the mandatory minimum in this case is 120 months. Suffice to say that there is no reason to entertain this motion as it

would be a waste of judicial resources and a futility if granted.  However, as previously stated herein and as argued by the Government in its response, there is no reason to grant this motion and it is denied.

    IT IS SO ORDERED.

                                                         s/ *David A. Katz*  
                                                      DAVID A. KATZ  
                                                      U. S. DISTRICT JUDGE